IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NINA MARIE COLEMAN,            ) | |
|        Plaintiff,           ) | |
| vs.                            ) | No. 3:22-CV-1524-M-BH |
|                            ) | |
| DHS - ALEJANDRO N. MAYORKAS,   ) | |
|        Defendant.          ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiff's request to transfer her case to the United States District Court for the District of Columbia, filed on September 2, 2022 (doc. 17). Based on the relevant filings, evidence, and applicable law, the motion to transfer venue is **GRANTED**.

**I. BACKGROUND**

Alleging discrimination in employment, Nina Coleman (Plaintiff) sues under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq*. (*See* doc. 3; doc. 15 at 1.[2]) She resides in Dallas, Texas, which is located in the Dallas Division of the Northern District of Texas. (*See* doc. 3 at 1.) The defendant is the Secretary (Defendant) of the Department of Homeland Security (DHS), a federal agency with its headquarters in Washington, D.C., which is within the jurisdictional boundaries of the District Court for the District of Columbia. (doc. 15 at 8.) The employment records relevant to the events of which Plaintiff complains are maintained in that district. (*Id.*) Although Plaintiff teleworked from her residence due to a global pandemic, her duty station was in Beaumont, Jefferson County, Texas, and her regional office was located in Denton, Denton County, Texas. (*Id.* at 3, 8.) These counties are located in the Beaumont and Sherman

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Divisions, respectively, for the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(2), (3). After the office in Beaumont was closed, the office in Houston, Harris County, Texas, became her duty station, and that is where she would have worked but for the alleged discrimination. (doc. 15 at 3, 8.) That office is located in the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(c)(2), (3).

## II. ANALYSIS

Plaintiff sues for employment discrimination under Title VII, which has a special venue provision:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).[3]

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice…to any other district or division where it may have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As a threshold matter, § 1404(a) requires a determination of whether the proposed transferee district is one in which the suit might have been brought. *In re Horsehoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam). Once this threshold has been met, § 1404(a) requires consideration of "the convenience

---

[3] The express reference to § 1404 makes clear that it also applies to Title VII cases. *See In re Horseshoe*, 337 F.3d at 432-33.

2

of the parties and witnesses" and "the interests of justice." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (Volkswagen I); *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (Volkswagen II).  The movant must show that based on these considerations, the transferee venue is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315.  Courts have broad discretion under § 1404(a) in deciding whether to order a transfer.  *Id.*

A. **Proposed Transferee District**

Here, Plaintiff could have brought her Title VII claim in the District of Columbia because it is where the relevant employment records are maintained and administered, and where DHS has its principal office.  *See* 42 U.S.C. § 2000e-5(f)(3).  The proposed transferee district is one in which Plaintiff's claims may have been brought.

B. **Convenience to Parties and Witnesses**

The next consideration is "the convenience of the parties and witnesses." *Volkswagen I*, 371 F.3d at 203; *Volkswagen II,* 545 F.3d at 315.  The Fifth Circuit has adopted the *forum non conveniens* private and public interest factors to determine the convenience of the parties and witnesses. *Volkswagen II*, 545 F.3d at 314-15, n.9 (5th Cir. 2008); *see also Volkswagen I*, 371 F.3d at 203. These factors "are not necessarily exhaustive nor exclusive," however, and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 315.

1. **Private Interest Factors**

The private interest factors consist of: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Hartzell*

3

*Propeller, Inc.,* 454 U.S. 235, 241, n.6 (1981)).

### a.   *Relative Ease of Access to Sources of Proof*

The first private interest factor, the relative ease of access to sources of proof, weighs in favor of transfer when evidence can be more readily accessed from the transferee district. *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 WL 2292961, at *5 (E.D. Tex. June 7, 2011). Although increasing technological advances have lessened the inconvenience of obtaining evidence in a different venue, this does not render the first factor superfluous. *See Volkswagen II*, 545 F.3d at 316; *Moss v. Lockheed Martin Corp.*, No. 3:10-CV-1659-M, 2011 WL 197624, at *3 (N.D. Tex. Jan. 18, 2011). Courts still consider the physical location of the evidence. *Internet Machines LLC,* 2011 WL 2292961, at *5.

Here, Plaintiff alleges that the relevant employment and business records are physically located in the District of Columbia. (doc. 15 at 8.) This factor weighs in favor of transfer.

### b.   *Availability of Compulsory Process*

The second private interest factor, the availability of compulsory process to secure the attendance of witnesses, favors transfer when a transferee district has absolute subpoena power over a greater number of non-party witnesses. *Internet Machines*, 2011 WL 2292961, at *6 (citing *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009)). A district court "may command a person to attend trial" by subpoena "within 100 miles of where the person resides, [or] is employed . . . ." Fed. R. Civ. P. 45 (c)(1)(A).

Plaintiff contends that personnel at DHS's headquarters in Washington, D.C. were responsible for some of the alleged adverse actions against her. (doc. 15 at 8.) This factor weighs in favor of transfer. *See Davis v. MAHA Trading Inc.*, No. 3:05-CV-0832-M, 2006 WL 8437474,

at * 2 (N.D. Tex. Apr. 10, 2006).

      ***c.    Cost of Attendance for Willing Witnesses***

The third private interest factor is the cost of attendance of willing witnesses. *Volkswagen I*, 371 F.3d at 203. "The Court must consider the convenience of both the party and non-party witnesses." *Vargas v. Seamar Divers Int'l, LLC,* No. 2:10-CV-178-TJW, 2011 WL 1980001, at *7 (E.D. Tex. May 20, 2011) (citing *Volkswagen I*, 371 F.3d at 204). This factor is often considered the most important factor to be considered in deciding whether to transfer venue. *Moss*, 2011 WL 197624, at *5 (citing *AT&T Intellectual Prop. I L.P. v. Airbiquity Inc.*, No. 3:08-CV-1637-M, 2009 WL 774350, at *5 (N.D. Tex. Mar. 24, 2009), and *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, 3:08-CV-816-G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009)). The convenience of non-party witnesses is accorded the greatest weight, however, while the convenience of employee witnesses of the party seeking transfer is given less weight because the party will be able to compel their testimony at trial. *Id.* As with the prior factor, because Plaintiff contends that the personnel at DHS's headquarters were responsible for the actions of which she complains, this factor also weighs in favor of transfer**.**

      ***d.    Other Practical Problems***

The fourth private interest factor is a catch-all consideration that includes all other problems that obstruct easy, expeditious, and inexpensive trials. *See Volkswagen I*, 371 F.3d at 203. This factor appears neutral.

    **2.    Public Interest Factors**

In addition to the private interest factors, courts must also consider the *forum non conveniens* public interest factors to see if they favor transfer. *Volkswagen I*, 371 F.3d at 203. They include "(1)

the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws [or in] the application of foreign law." *Id.* These factors appear neutral.

The second public interest factor, the local interest in having localized interests decided at home, favors transfer if "the events giving rise to this action occurred in [the transferee district/division] . . . ." *Volkswagen II*, 545 F.3d at 315. This factor weighs in favor of transfer because DHS is located in the District of Columbia, the allegedly wrongful conduct occurred there, and the individuals mentioned in Plaintiff's complaint work and reside there. Washington, D.C. has a localized interest in this matter because the agency alleged to have caused the harm is located there, all of the alleged events happened there, and the relevant documents and witnesses are almost all located there. *See Volkswagen II*, 545 F. 3d at 317-18. The second public interest factor weighs in favor of transfer. *Berlanga v. Basic Energy Services, LP*, No. 3:17-CV- 0106-L, 2017 WL 4923876 at *4 (N.D. Tex. Oct. 20, 2017); *Moss*, 2011 WL 197624 at *6.

On balance, the factors weigh in favor of transfer.

C. **Interest of Justice**

Analysis of the "convenience of parties and witnesses" does not end the transfer of venue inquiry. *Regents of Univ. Of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Courts must consider the "interest of justice" as a factor when determining whether a transfer of venue is proper under § 1404(a). *See id.* Because none of the events upon which Plaintiff's claims are based occurred in this district, and they appear to have primarily occurred in the District of Columbia, the interests of justice support transferring this action to that forum.

### D. Plaintiff's Choice of Forum

A plaintiff's choice of venue is not a separate factor in the transfer of venue analysis. *Volkswagen II*, 545 F.3d at 314 n.10. Rather, it is "to be treated as a burden of proof question," and deference to plaintiff's choice of venue is reflected in the movant's burden to show good cause for the transfer. *See id.* (citation and internal marks omitted). The original forum selected by a plaintiff "should be respected" unless "the transferee venue is clearly more convenient." *Volkswagen II*, 371 F.3d at 314 n. 10, 315. Although Plaintiff originally sought venue in the Northern District of Texas, she now seeks to transfer the case to the District of Columbia. Accordingly, no weight is accorded to her original choice of venue.

Considering the convenience of the parties and witnesses and the interests of justice, Plaintiff has shown that the District of Columbia is "clearly more convenient" than the Northern District of Texas. *Volkswagen I*, 545 F.3d at 315. Transfer of the action to that division is therefore appropriate.

### III. CONCLUSION

The motion to transfer venue is **GRANTED**, and this case is hereby **TRANSFERRED** to the United States District Court for the District of Columbia.[4]

**SO ORDERED** this 18th day of November, 2022.

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] *Amended Miscellaneous Order No. 6* provides authority to transfer actions brought by *pro se* litigants to the proper or more appropriate district or division.